UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ELLEN C. WHITE,

        Plaintiff,

v.                                                      Case No. 16-cv-76-PP

RANDSTAD US, RANDSTAD
HOLDING NV, US BANK, and
US BANCORP,

        Defendants.

**ORDER GRANTING THE PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT. NO. 6), APPROVING APPLICATION TO PROCEED *IN FORMA PAUPERIS* (DKT. NO. 2), AND SCREENING COMPLAINT**

The plaintiff has filed a motion asking the court to reconsider its denial of the her motion to proceed *in forma pauperis.* Dkt. No. 6. The plaintiff also has filed an amended complaint, attaching a Notice of Right to Sue letter from the Equal Opportunity Employment Commission, as the court had instructed. Dkt. Nos. 5, 5-1, and so the court will screen the plaintiff's complaint under 28 U.S.C. §1915 to determine if the plaintiff has stated a claim for which this court can grant relief.

**I.    The Court Grants The Plaintiff's Motion For Reconsideration Of Her Motion To Proceed *In Forma Pauperis*, and Approves Her Application to Proceed *In Forma Pauperis*.**

The plaintiff's motion for reconsideration and her supporting declaration clarify her financial condition, and provide additional information about her income, assets, and expenses. Dkt. Nos. 6-7. The plaintiff states that, in the

1

year 2015, she received a total of $1,606.65 from her employment at Randstad US, and received a total of only $4,100 in unemployment benefits. Dkt. Nos. 6, 7. (The plaintiff's original application led the court to believe that she received these amounts *monthly*, which was why the court originally found that she had the funds to pay the filing fee.) She indicates that she is not employed at this time, and has no income other than $194 per month in food share benefits. Dkt. No. 7 at 1. Her unemployment benefits ended in May 2015. Id. She applied for Social Security disability benefits, but her application was denied. Id. at 2. She has only $368.24 in her checking account and $123.85 in her savings account. Id. Further, she declares that, although she has an ownership interest in a home valued at $42,200 (which is not subject to a mortgage or similar encumbrance), her interest is divided among her three siblings and her mother, and she cannot borrow against the home. Id. She states that she has $850 in monthly expenses, consisting of $200 in rent, $50 in credit card payments, and $600 in household expenses. The plaintiff's mother and siblings occasionally provide her with assistance, but they have a limited ability to do so. Id.

    Based on these clarifications, the court will grant the plaintiff's motion for reconsideration. Dkt. No. 6. In light of the plaintiff's submissions in support of her motion for reconsideration, the court finds that she does not have the financial ability to pay the $400 filing fee. This fact, combined with the fact that the court also finds that the plaintiff's complaint states a claim (as discussed

below), leads the court to grant the plaintiff's motion to proceed *in forma pauperis*, and thus the court will waive the filing fee in this case.

## II. Screening of the Plaintiff's Amended Complaint

A. Standards of Review Under 28 U.S.C. §1915

Section 1915(e)(2)(B) requires a court to dismiss a case filed by an unrepresented plaintiff at any time if the court determines that it "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." For this reason, district courts "screen" complaints filed by self-represented plaintiffs, to determine whether the complaint must be dismissed under these standards.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728 (1992); Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827 (1989). At the screening stage, the court must accept the complaint's factual allegations as true and draw all reasonable inferences in favor of the plaintiff, the court can "pierce the vail of the complaint's factual allegations" and need not "accept without question the truth of the plaintiff's allegations." Denton, 504 U.S. at 32. For example, the Supreme Court has explained that a court may dismiss a claim as frivolous if it is "clearly baseless," "fanciful," "fantastic," "delusional," "irrational," "wholly incredible," or "based on an indisputably meritless legal theory." Id. at 32-33. By contrast, the court may not dismiss a claim as frivolous simply because "the plaintiff's allegations are unlikely." Id.

3

To state a claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead specific facts, and her statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts follow the principles set forth in Twombly. First, the court must "identify[ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id., 556 U.S. at 679. A plaintiff must support legal conclusions with factual allegations. Id. Second, if there are well-pleaded factual allegations, courts must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

4

B. <u>The Allegations of the Complaint</u>

The plaintiff alleges that she worked at US Bank Mobility Infrastructure for Randstad as a part-time spreadsheet specialist from July 1, 2015 until October 29, 2015. Dkt. No. 5 at 2. (The court assumes the plaintiff was placed at US Bank as a temporary worker by Randstad, a staffing solutions business.) The plaintiff claims that she asked her supervisor at US Bank for an employment reference, because she had applied for Social Security disability benefits. Soon thereafter, the plaintiff alleges, she received a telephone call from Randstad, and was told that her assignment was over, that the work she was doing had "dried up," and that US Bank did not need her anymore. <u>Id.</u> About a week later, the plaintiff received an e-mail from Randstad, "recruiting for the same position plaintiff 'finished' October 29, 2015." <u>Id.</u> The plaintiff responded to the e-mail, offering to return to the job. She also called Randstad to express her surprise that the job she had been told a week prior had "dried up" was now being filled. <u>Id.</u> at 2-4. The plaintiff alleges that Randstad responded that "the email sent out to temporary staff available for that type of position and the immediate need for a spreadsheet specialist was for the future, just in case there was a need to fill the position again." <u>Id.</u> at 3. The plaintiff alleges that her employment was terminated in violation of Title I of the Americans With Disabilities Act, 42 U.S.C. §12101, <u>et seq.</u>, because she was terminated after had informed her supervisor that she had applied for Social Security disability benefits. <u>Id.</u>

5

A plaintiff bringing an action under Title I of the ADA first must file an EEOC charge, and must obtain from the EEOC a Notice of Right to Sue. See 42 U.S.C. §12117(a); 42 U.S.C. §2000e–5(b), (e), and (f). The plaintiff filed a Notice of Right to Sue letter along with her amended complaint, which states that the EEOC closed its file on the plaintiff's discrimination charge because the EEOC could not conclude that the information it obtained established a violation of the statutes enforced by the EEOC. Dkt. No. 5-1 at 1.

Upon review of the complaint, it appears to the court that the plaintiff may be asserting two separate claims, both under the ADA. First, the plaintiff alleges that, in October 2015, she was let go from her temporary position because she had told her supervisor at US Bank that she had applied for disability benefits. Second, the plaintiff appears to allege that, in November 2015, the defendants they recruited applicants for the position the plaintiff had held before she was terminated, but decided not to rehire the plaintiff because of her disability.

Either of these allegations may present cognizable claims under Title I of the ADA. Title I of the ADA states that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to ... the hiring, advancement, or discharge of employees." 42 U.S.C. §12112(a). A claim for relief under Title I of the ADA requires the plaintiff to allege facts showing that "(1) [she] is 'disabled'; (2) [she] is qualified to perform the essential function of the job either with or without reasonable accommodation; and (3) [she] suffered an adverse employment action because of [her] disability." E.E.O.C. v.

6

Lee's Log Cabin, Inc., 546 F.3d 438, 442 (7th Cir. 2008). "In order to recover for violations of Title I of the ADA, a plaintiff must file a charge of discrimination with the EEOC within 180 days of the alleged violation (if he does not file an initial charge with a state agency)." Stewart v. Cty. of Brown, 86 F.3d 107, 108 (7th Cir. 1996) (citing 42 U.S.C. §12117(a)). Based on the dates alleged in the amended complaint and contained in the plaintiff's Notice of Right to Sue letter, the plaintiff appears to have exhausted her administrative remedies before filing her civil action in this court, and it appears that she timely filed her complaint.

Before the court can allow this case to proceed, the court must find that the plaintiff alleged facts that could state a plausible claim that the defendants discriminated against her on the basis of her disability, in violation of Title I of the ADA. The plaintiff clearly alleges that she is disabled, although the complaint does not state the nature of her disability. Liberally construed, the complaint further alleges that the plaintiff suffered two adverse employment actions based on her disability. The complaint does not specifically allege that that the plaintiff was qualified to perform the essential function of her position (part-time spreadsheet specialist), with or without a reasonable accommodation for her disability. But the court must draw all reasonable inferences in the plaintiff's favor at this stage, and the court can infer from the plaintiff's attempt to return to her position at US Bank that she claims she could perform the essential function of that position. Accordingly, the court finds that the complaint contains allegations sufficient to put the defendants on fair notice of

7

the plaintiff's claims and the grounds on which her claims rest. Twombly, 550 U.S. at 555; Fed. R. Civ. P. 8(a).

At the screening stage, the court makes a limited finding that the complaint appears to state a plausible claim for relief, and so the court will order the complaint to be served on the defendants. The court emphasizes that this order should not be construed as precluding the defendants from raising any defenses that may be raised in a responsive pleading or that may be raised by motion under Rule 12, or as taking any position as to the outcome of any such motion.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for reconsideration (Dkt. No. 6). The court **APPROVES** the plaintiff's application for leave to proceed *in forma pauperis* (Dkt. No. 2).

The court **ORDERS** that the United States Marshals Service shall serve a copy of the amended complaint (Dkt. No. 5) and this order on the defendants, pursuant to Federal Rule of Civil Procedure 4.

The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

The court **ORDERS** that the defendants who are served shall answer or otherwise respond to the complaint.

The court **ORDERS** that the plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, the plaintiff need not mail copies to the defendants. All defendants will be served electronically through the court's electronic case filing system. The plaintiff should also retain a personal copy of each document filed with the court.

The court further advises plaintiff that if she does not timely file documents, the court may dismiss her case for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated in Milwaukee, Wisconsin this 14th day of March, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge